IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TAYLOR QUINN,
                Plaintiff,

v.                                              CIVIL ACTION NO.   2:21-cv-00421

LT. CHRISTOPHER K. ZERKLE, et al.,
                Defendants.


MARK TOON, et. al.,
                Plaintiffs,

v.                                              CIVIL ACTION NO.   2:21-cv-00427

LT. CHRISTOPHER K. ZERKLE, et al.,
                Defendants.


**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Defendants' Joint Motion to Consolidate* (Document 7 in Civil Action No. 2:21-cv-421 and Document 6 in Civil Action No. 2:21-cv-427). Therein, the Defendants urge the Court to consolidate these two cases, which arose from the same event. The Defendants indicate that the Plaintiffs in both cases are represented by the same counsel and both allege claims pursuant to 42 U.S.C. §1983 against the same Defendants. To date, the Plaintiffs have not filed a response to the motion.

Rule 42(a) of the Federal Rules of Civil Procedure governs the consolidation of civil actions. Rule 42(a) states that "[w]hen actions involving a common question of law or fact are

pending before the court, it may order . . . all the actions consolidated." Fed. R. Civ. Proc. 42(a). The Fourth Circuit Court of Appeals has given district courts the following guidelines to apply when considering a motion to consolidate actions:

> The critical question for the district court . . . was whether [1] the specific risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, [2] the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits. [3] the length of time required to conclude multiple suits as against a single one, and [4] the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982). However, "even where cases involve some common issues of law or fact, consolidation may be inappropriate where individual issues predominate." *Michael v. Wyeth, LLC*, No. CIV.A. 2:04-0435, 2011 WL 1527581, at *2 (S.D.W. Va. Apr. 20, 2011) (Copenhaver, J.).

In both complaints, the Plaintiffs allege that on August 1, 2019, Defendant Zerkle engaged in an unjustified high-speed chase in pursuit of Eric Toon, who was operating a motorcycle. Mr. Toon returned to the home he shared with Taylor Quinn. Several officers and K-9 officers converged in the area. Defendants Kay, Kegler, Lively, and Miller entered the home without a warrant. Defendant Zerkle remained outside the home. Mr. Toon exited the home through a window,[1] and Defendant Zerkle shot him in the head and neck or shoulder. Ms. Quinn followed him out the window, and Defendant Zerkle shot her as well. Mr. Toon died of his injuries, and Ms. Quinn suffered severe injury to her shoulder resulting in extended hospitalization, medical expenses, pain and suffering, and permanent damage to her shoulder.

---

1 The Toon complaint indicates that he was armed with a rifle. The Quinn complaint states only that Ms. Quinn was unarmed.

As personal representative of the estate of Eric Toon, Mark Toon alleges the following claims: Count 1: 42 U.S.C. § 1983 - Retaliation and Use of Excessive Force in Violation of the 1st Amendment of the United States Constitution, as to Defendant Zerkle;[2] Count 2: 42 U.S.C. §1983 - Violation of the 4th Amendment of the United States Constitution: Warrantless Entry and Excessive Force, as to Defendants Kay, Keglor, Lively, Miller, and Zerkle; Count 3: 42 U.S.C. § 1983 - Failure to Intervene in Violation of the 4th Amendment of the United States Constitution, as to Defendants Kay, Keglor, Lively, Miller, and Zerkle; and Count 4: 42 U.S.C. § 1983 - Violation of the 4th Amendment of the United States Constitution: Excessive Force, as to Defendant Zerkle.  The Quinn amended complaint alleges the following claims: Count 1: 42 U.S.C. §1983 – Violation of the 4th Amendment of the United States Constitution: Excessive Force, as to Defendant Zerkle; Count 2: 42 U.S.C. § 1983 – Violation of the 4th Amendment of the United States Constitution: Warrantless Entry, as to Defendants Lively, Keglor, Kay, and Miller; Count 3: Battery, as to Defendant Zerkle; Count 4: Trespass, as to Defendants Lively, Keglor, Kay, and Miller; and Count 5: Extreme and Outrageous Conduct; Emotional Distress, as to Defendants Lively, Keglor, Kay, and Miller.

The cases clearly present common questions of fact and law.  Adjudicating the cases separately presents a risk of inconsistencies, and the Court finds little risk of prejudice or confusion should the cases be consolidated.  The parties, witnesses, and the Court would be burdened by separate discovery, separate motions practice, and separate trials given the significant overlap in the factual and legal claims, and a consolidated case could be resolved somewhat

---

2  The Toon complaint alleges that Defendant Zerkle initiated his pursuit because Mr. Toon extended his middle finger at him while passing on his motorcycle.

expeditiously. Likewise, proceeding separately would increase the expenses involved. Therefore, the Court finds that consolidation is appropriate.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Defendants' Joint Motion to Consolidate* (Document 7 in Civil Action No. 2:21-cv-421 and Document 6 in Civil Action No. 2:21-cv-427) be **GRANTED**.

The Court further **ORDERS** that *Mark Toon, et. al. v. Lt. Christopher K. Zerkle, et. al.,* Civil Action No. 2:21-cv-427, be **CONSOLIDATED** with *Taylor Quinn v. Lt. Christopher K. Zerkle, et. al.*, Civil Action No. 2:21-cv-421, that Civil Action No. 2:21-cv-421 be designated as the lead case, and that this action proceed under that case style, with both cases assigned to the undersigned.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: September 7, 2021

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA